**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARJORIE LEAH BRUNKALLA-SASPA,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>        Defendant. | Case No. ED CV 13-1352 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Marjorie Leah Brunkalla-Saspa ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying her application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected her credibility. (Joint Stip. at 4-21.) The Court agrees with Plaintiff for the reasons discussed below.

    A.    <u>The ALJ Failed to Provide Clear and Convincing Reasons for Rejecting Plaintiff's Credibility</u>

An ALJ may reject a claimant's credibility "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings

are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Here, the ALJ provided four reasons in support of his credibility determination. The Court discusses, and rejects, each in turn.

First, the ALJ found that Plaintiff's "allegations of disabling pain are out of proportion with the record." (Administrative Record ("AR") at 16.) However, an ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991); *Summers v. Bowen*, 813 F.2d 241, 242 (9th Cir. 1987) (per curiam). Thus, as to this ground, the ALJ's credibility determination is inadequate.

Second, the ALJ found that Plaintiff had been conservatively treated with Vicodin. (*See* AR at 20.) But "Vicodin qualifies as *strong* medication to alleviate pain." *Velasquez v. Astrue*, 2011 WL 1792590, at *5 (C.D. Cal. May 11, 2011) (emphasis added) (citing *Hung Thanh Le v. Astrue*, 2010 WL 1854081, at *6 (C.D. Cal. May 6, 2010). Moreover, Plaintiff had no health insurance with which to pay for further treatment. (AR at 66 ("I have had no health insurance so [physical therapy] was not possible.")) Courts have repeatedly held that an inability to obtain treatment due to financial constraints is not a proper reason to discount a claimant's credibility. *See, e.g., Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1999) (explaining that an ALJ may not reject "a claimant's complaints for lack of treatment when the record establishes that the claimant could not afford it"); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Where, as here, the ALJ did not challenge Plaintiff's inability to afford greater treatment, it is improper to reject Plaintiff's credibility on this ground.

Third, the ALJ found that "[n]o treating, examining or non-examining doctor has opined that claimant is totally disabled." (AR at 20.) However, "a lack of

1  disability rating by a medical source is not a basis for discrediting a claimant."
2  *Heiman v. Astrue*, 2011 WL 4829924, at *6 (C.D. Cal. Oct. 11, 2011) (citation
3  omitted). Furthermore, this reason is belied by the record. Indeed, the ALJ
4  specifically notes that "there are three San Bernadino County form letters in which
5  [Plaintiff's treating physician] Dr. Lee stated that [Plaintiff] was permanently
6  disabled." (AR at 21; *see id.* at 258, 273, 280.) Accordingly, this reason fails.

7       Fourth, the ALJ found that Plaintiff's daily activities "could not be objectively
8  verified." (*Id.* at 63.) However, "[s]uch a standard imposes an extremely heavy, and
9  unwarranted burden on Plaintiff." *Bernal v. Astrue*, 2011 WL 1790052, at *6 (C.D.
10 Cal. May 9, 2011) (citation omitted). In particular, "[t]he ALJ cites no authority
11 suggesting that a claimant is required to offer objective verification, to a reasonable
12 degree of certainty, regarding his activities of daily living." *Haller v. Astrue*, 2008
13 WL 4291448, at *5 (E.D. Cal. Sept. 18, 2008); *see also Lester*, 81 F.3d at 834
14 ("General findings are insufficient; rather, the ALJ must identify what testimony is
15 not credible and what evidence undermines the claimant's complaints."). Thus, as to
16 this ground, the ALJ improperly rejected Plaintiff's credibility by imposing a
17 heightened standard.

18      Accordingly, for the reasons stated above, the Court determines that the ALJ
19 improperly rejected Plaintiff's credibility.

20      B.    <u>Remand is Warranted</u>

21      With error established, this Court has discretion to remand or reverse and
22 award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no
23 useful purpose would be served by further proceedings, or where the record has been
24 fully developed, it is appropriate to exercise this discretion to direct an immediate
25 award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004).
26 But where there are outstanding issues that must be resolved before a determination
27 can be made, or it is not clear from the record that the ALJ would be required to find
28 plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.

*See id.* at 594.

Here, there are outstanding issues which must be resolved before a final determination can be made. On remand, the ALJ shall reconsider Plaintiff's subjective complaints and the resulting functional limitations, and either credit Plaintiff's testimony or provide clear and convincing reasons supported by substantial evidence for rejecting them.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[1/]

Dated: March 18, 2014

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

---

[1/] In light of the Court's remand instructions, it is unnecessary for the Court to address Plaintiff's remaining contention. (*See* Joint Stip. at 28-29.)